Leroy CROZIER, Plaintiff,

v.

Belva P. HOWARD, et al., Defendants.

No. CIV–91–0666–C.

United States District Court,
W.D. Oklahoma.

June 4, 1991.

David W. Lee, McKenzie Sykora & Lee, Oklahoma City, Okl., for plaintiff.

Sheridan A. McCaffree, Atty. General's Office, Robert A. Nance, Asst. Atty. Gen., Chief, Fed/Tort Div., Oklahoma City, Okl., for defendants.

## ORDER

CAUTHRON, District Judge.

This matter is before the Court for consideration of plaintiff's motion for preliminary injunction. At issue is the mandatory retirement policy enacted by the defendant Board of Regents for Oklahoma Colleges, which mandates retirement of tenured professors at age 70. Although plaintiff was allowed an additional year past mandatory retirement to enhance Central State University's centennial celebration, the Board has declined plaintiff's continued request for exemption. Plaintiff requested the Court grant an injunction to maintain the status quo and prohibit his discharge as a professor at Central State University. Upon plaintiff's request, the Court scheduled the matter for hearing on May 23, 1991. The plaintiff appeared with his counsel, David W. Lee. The defendants were represented by Robert A. Nance of the Oklahoma Attorney General's Office. Following the presentation of evidence and arguments of counsel, the Court denied the requested injunction.

In determining whether to issue a preliminary injunction, as announced in the Tenth Circuit case of *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980), four factors are considered: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

Tenured professors have been excluded from the coverage of the Age Discrimination in Employment Act. 29 U.S.C. § 631(d). Rather, plaintiff's complaint alleges a right to relief under the Fourteenth Amendment to the Constitution. The standard to be applied in age discrimination claims under the Fourteenth Amendment requires the Court to examine the policy to determine whether it is rationally related to a legitimate state interest. *See Costner v. Oklahoma Army Nat. Guard*, 833 F.2d 905 (10th Cir.1987); *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). In so doing, the Court is "not called upon to address the wisdom of the policy or to assess the effectiveness and desirability of

the policy in light of its stated objectives." *Klain v. Pennsylvania State University,* 434 F.Supp. 571, 574 (M.D.Pa.1977), *aff'd,* 577 F.2d 726 (3rd Cir.1978). While this Court is empathetic about the effects such a policy may have on a particular individual or on society, its inquiry must be directed at whether the policy is rationally related to a legitimate state objective. *Id.,* and *see also Gault v. Garrison,* 569 F.2d 993 (7th Cir.1977).

In evaluating the likelihood that plaintiff would succeed on the merits, the Court was called on to examine plaintiff's claim that the mandatory retirement policy at Central State University violated his constitutional rights guaranteed under the Fourteenth Amendment. Plaintiff argued a different standard should be applied when reviewing this policy as it was promulgated by the Regents. The Board of Regents for Oklahoma Colleges ("Regents") is an entity created by the Oklahoma Constitution. *See* Okla. Const. art. XIII–B. The fact that the rule was promulgated by the Regents, rather than the legislature, does not change the result. The legislature delegated this responsibility to the Regents and, therefore, the Regents had the power to promulgate the rule. Okla.Stat.Ann. tit. 70, § 3510 (West Supp.1991); *see, e.g., Robinson v. Florida,* 378 U.S. 153, 156, 84 S.Ct. 1693, 1695, 12 L.Ed.2d 771 (1964) (regarding a state health board's regulations adopted under the authority of the legislature, "state action, of the kind that falls within the proscription of the Equal Protection Clause of the Fourteenth Amendment, may be brought about through the State's administrative and regulatory agencies just as through its legislature"); and *Evans v. Newton,* 382 U.S. 296, 299, 86 S.Ct. 486, 488, 15 L.Ed.2d 373 (1966), ("[W]hen private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations").

The Regents adduced evidence that physical and mental abilities decline with increasing age, particularly past age 65, which shows a rational basis for the rule.

Although plaintiff argued that the rule was not uniform statewide, the evidence disclosed that in practice the same result occurs despite somewhat different statements of rules. Moreover, the plaintiff cited no authority which convinced the Court he had a substantial likelihood of prevailing on the allegation that the existence of differently stated mandatory retirement policies by various Boards of Regents is violative of the Fourteenth Amendment.

The State has an interest in quality education and in getting the most qualified, most effective professors. The Court found the mandatory retirement rule is rationally related to an identifiable state purpose and advances that goal by allowing the promotion of younger faculty members at a foreseeable time; infusing new ideas; creating predictable openings for new staff; permitting the university to plan for its staffing needs; and avoiding difficult and emotional alternative termination procedures.

For the reasons explained in open court and as stated above, the plaintiff's motion for preliminary injunction was denied as he did not show a substantial likelihood of success on the merits.

IT IS SO ORDERED.